**CITIZENS FOR FOOD AND PROGRESS, INC.**

v.

**Downing MUSGROVE, Individually, and as Commissioner of the Dept. of Transportation of the State of Georgia, et al.**

**Civ. A. No. 18726.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 16, 1975.

Richard A. Katz, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

HENDERSON, District Judge.

This is a civil action for declaratory and injunctive relief to restrain the planning and implementation of the proposed West Georgia Limited Access Highway and Interstate 185 until the defendants have fully complied with the purportedly applicable requirements of the National Environmental Policy Act of 1969 (hereinafter referred to as "NEPA"), 42 U.S.C. § 4321 *et seq.*, and 49 U.S.C. § 1653(f).

By order of December 30, 1974, the plaintiff's motion for a preliminary injunction was denied upon the determination that the West Georgia Limited Access Highway (hereinafter referred to as "WGLAH") was a state designed, financed and controlled project and, therefore, neither directly nor indirectly susceptible to NEPA or Section 4(f) mandates. Thus, it was concluded that jurisdiction under those federal environmental statutes could only arise in connection with the construction of the federally funded Interstate 185. However, as noted in that order, the plaintiff's dependence upon that theory of jurisdiction raises a substantial question of their standing to challenge construction of a federally financed highway which was not shown to actually impact the area in which the association's members reside. See n. 1 at 13, order of December 30, 1974. The plaintiff was directed to show cause. why this civil action should not be dismissed for want of subject matter jurisdiction and standing of the plaintiff.

In response to that directive, the plaintiff submitted a brief which attacks the previous conclusions of the court regarding applicability of NEPA and Section 4(f) to the WGLAH. The brief was unaccompanied by additional evidentiary material, nor does the plaintiff purport to be able to present such additional evidence bearing on the remaining issues. Furthermore, it failed to

directly address the standing and jurisdictional issues posed in the show cause order with respect to its right to challenge the compliance with those environmental laws concerning Interstate 185.

Contrary to the plaintiff's present suggestion, the court did not conclude in its previous order that Section 4(f) would be applicable only if NEPA is found to also apply. This is clear from the phrasing of the issues in that order as:

> [W]hether construction of those roadways would constitute "Major federal action" under NEPA and whether it it would impact Section 4(f) lands so as to require the federal Secretary of Transportation to make appropriate determinations under that provision of the Department of Transportation Act before giving his approval to the projects.

At 4. The contention that the conclusions reached in the December 30, 1974 order were founded upon an erroneous construction of *Named Individual Members of the San Antonio Conservation Society v. Texas Highway Department*, 496 F.2d 1017 (5th Cir. 1974), must be rejected. That case clearly disposes of the plaintiff's arguments of the application of Section 4(f) to the WGLAH. See *id.* n. 5 at 1022. It directly supports the determination that the WGLAH itself simply does not, and indeed could not, constitute "major federal action" so as to bring it within the ambit of NEPA.

■ The court now reiterates and reaffirms its previously expressed view that the WGLAH cannot be considered as such a secondary impact of Interstate 185 so as to necessitate inclusion of the direct environmental effects of that entirely state financed and controlled project as part of the federal environmental studies required of the interstate highway.

■ Consequently, only the federal highway project is directly subject to the federal environmental statutes and the plaintiff association may now invoke the jurisdiction of this court to inquire into compliance as to that roadway alone. Although granted the opportunity to respond, the plaintiff has declined to demonstrate, or even allege, that it or its individual members have a direct and "personal stake in the outcome" of such an investigation. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). As the Supreme Court recently stated

> Abstract injury is not enough. It must be alleged that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged statute or official conduct. . . . The injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." [citations omitted].

*O'Shea v. Littleton,* 414 U.S. 488, 94 S. Ct. 669, 675, 38 L.Ed.2d 674 (1974). And, while the injury complained of need not necessarily be economic in nature, see *United States v. Students Challenging Regulatory Agency Procedures,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973), it must be predicated on some concrete, discernable and judically cognizable basis. See *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). The plaintiff, however, offers nothing in satisfaction of that necessary prerequisite to federal jurisdiction.

■ Thus, while the plaintiff and its members arguably have an interest in the environmental effects of the state sponsored and financed WGLAH, they do not allege solid and legitimate personal interest in I–185 and, hence, have no standing to challenge that project on environmental grounds.